UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEVERLY CONYERS,<br>*Plaintiff,* | : CIVIL ACTION NO.<br>: 3:02CV263(PCD) |
| R.C. HASSETT, MICHAEL QUINN,<br>BRIAN MAURO, and the<br>CITY OF NEW HAVEN,<br>*Defendants.* | :<br>:<br>:<br>: MARCH 19, 2004 |

### PLAINTIFF'S MOTION TO COMPEL DISCLOSURE AND FOR SANCTIONS

Pursuant to F.R.C.P. Rule 37, the plaintiff, BEVERLY CONYERS, respectfully moves this Court to compel the defendants to disclose documents and information as follows: 1) Any and all documents showing the amount of money disbursed for the purpose of making a controlled purchase of narcotics from the plaintiff's apartment, in particular the "index card" prepared by Sergeant Canning when he allegedly issued departmental funds to defendants Mauro and Quinn for the purpose of making that particular controlled purchase. 2) The redacted monetary amounts from the case preparation expenditures form (Exhibit B) and the Informant Payment Request form (Exhibit C). 3) The redacted Confidential Informant identifying number from the the case preparation expenditures form (Exhibit B) and the Informant Payment Request form (Exhibit C). 4) whether the Confidential Informant referred to in the search warrant application for the Plaintiff's apartment (Exhibit A) is the same Confidential Informant

1

referred to in the application for a warrant to search 86 and 84 Day Street. (Exhibit G)

5) The name of the Confidential Informant who participated in an alleged controlled marijuana purchase from the Plaintiff's apartment.

In support of this Motion, plaintiff represents as follows:

1. Plaintiff's counsel deposed defendant MICHAEL QUINN on September 8, 2003.

2. In the course of that deposition, the deponent testified that there were "index cards" upon which Sargent Canning recorded funds that he disbursed to the police officers to make controlled drug purchases.

3. Such an index card has not been provided to plaintiff's counsel, although plaintiff's requests for production asked for any such documents related to the alleged controlled buy at plaintiff's apartment.

4. The defendants have provided several documents purporting to show records of the funds disbursed to the CI to perform the alleged controlled purchase.

5. The defendants have redacted from these documents the amounts of money disbursed.

6. The defendants have redacted the CI number from those documents produced.

2

7. The defendants have failed to disclose whether the CI who allegedly performed the controlled drug buy at the plaintiff's residence is the same CI who performed the controlled drug buy at 84 and 86 Day street.

8. Subsequently defendant's counsel provided a limited amount of documents, but no documentation of the confidential informant drug buy alleged in the search warrant affidavit and no signed interrogatories.

9. Subsequently, defense counsel claimed that there was no documentation of the confidential informant's controlled marijuana buy.

10. On or about February 12, 2003 defendant's counsel said there was documentation of the controlled marijuana buy and promised to provide it to the plaintiff promptly along with the signed interrogatories.

11. The plaintiff's counsel has repeatedly conferred with the defendant's counsel to secure the disclosure without court action.

12. As of the date of this motion, the plaintiff has not received full compliance with her outstanding discovery.

13. A memorandum of law is attached.

WHEREFORE, plaintiff prays that this court order the defendants to immediately provide all requested discovery and signed interrogatories to the plaintiff and to pay reasonable costs and fees for the making of this motion, and to sanction the defendant

3

as the court deems appropriate, including payment of the Plaintiff's costs in connection with this motion.

THE PLAINTIFF, BEVERLY CONYERS

By _____
PAUL A. GARLINGHOUSE
CT25143
Her Attorney
129 Church Street, Suite 802
New Haven, CT 06510
Telephone: (203)865-5000
Facsimile: (203)865-2177

4

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via first class mail, postage prepaid, this 19th day of March, 2004, to the following parties and counsel of record:

Martin S. Echter, Esquire
165 Church Street
4th Floor
New Haven, CT  06510

_____
PAUL A. GARLINGHOUSE

5