**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

| | |
|---|---|
| **BEVERLY CONYERS,** **Plaintiff** | : NO. 3:02CV 263 (PCD) |
| VS. | : |
| **R. C. HASSETT, ET AL.** **Defendants** | : APRIL 16, 2004 |

2004 APR 16 P 5: 00

DISTRICT C...
NEW HAVEN, C...

## DEFENDANTS' MOTION IN LIMINE CONCERNING EVIDENCE OF POSSIBLE INDEMNIFICATION BY THE CITY OF NEW HAVEN

The defense respectfully moves in limine to bar any evidence (or attempts to introduce, offer or alert the jury by questions or otherwise) to the potential of evidence that the City of New Haven may eventually indemnify the defendants for damages.

It is our prior experience in civil rights cases that some plaintiffs' counsel attempt to introduce such evidence.

Also, based on our experience, we ask that plaintiff be required to first proffer at side-bar any desire to introduce or question about such matters if during the course of trial he or she wishes to do so, so as not to bring such prejudicial matters to the attention of the jury without the prior approval of the Court and so as not necessitate an objection to such matters in the presence of the jury.

There has been no prior request for such relief.

This Court has previously considered this issue in other lawsuits in which the undersigned has appeared for the defense, as has virtually every other court in this federal district in which this attorney has tried similar cases

**ORAL ARGUMENT IS NOT REQUESTED**
**TESTIMONY IS NOT REQUIRED**

### Argument.

We are not aware of any instance where evidence regarding indemnification has been admitted over objection.

Furthermore, several Judges of this Court have issued written rulings in our favor in prior instances when there have been attempts to introduce such evidence. Tremayne Sweat vs. William White, Jr., et al., U. S. District Court, No. 3:89CV295 (DJS), Margin Order denying Plaintiff's Motion In Limine Regarding Punitive Damages, dated February 21, 1995 (copy attached); Gould vs. Langston, et al., U. S. District Court No. 3:92CV00499 (RNC), Margin Order dated November 7, 1995, citing Larez vs. Holcomb, 16 F.3d 1513, 1520-21 (9th Cir. 1994) (copy attached); Whelan vs. Blakeslee, et al., U. S. District Court, No. 3:91CV480 (AWT), Endorsement Order, filed January 24, 1996 (copy attached).

The United States Supreme Court has held that a municipality may not be subjected to punitive damages. City of Newport, et al. vs. Fact Concerts, Inc., et al., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Allowing a jury or other trier of fact to learn that a municipality will or even might indemnify an individual defendant who is subject to punitive damages is just another and improper way of disclosing that there is a "deep pocket."

In fact, allowing a jury or other trier of fact to learn that a municipality might even be liable to indemnify for compensatory damages also runs the risk of higher damages being awarded for such factors as pain and suffering, which are not subject to precise computation.

Any obligation by the City to pay damages incurred by the individual defendant police officers arises solely because the City plays the role of an

-2-

insurance company, with an obligation to represent and an obligation to indemnify subject to certain limitations. Connecticut General Statutes, Section 7-101a.

Thus, the City is excused from paying damages where there is a judgment for malicious, wilful, or wanton, i.e., the primary criteria for an award of punitive damages. C.G.S. Section 7-101a; Smith vs. Wade, 461 U.S. 30 (1983).

Almost without exception the City of New Haven follows the policy of reserving until after trial and after there has been a judgment the right to decide whether or not to indemnify the individual police officer even though punitive damages may have been awarded.

The Court would not disclose that there is an insurance company liable (or possibly liable) to indemnify, even if the defendant police officers have policies with private insurers that might cover an award of damages in this lawsuit. The Court should not disclose that there is a municipal "insurer" or indemnitor that might be obligated to cover compensatory damages or that might determine to cover an award of punitive damages.

As "insurer" or indemnitor a municipality's obligation is only to pay those damages properly assessed against the "insured."

The only conceivable time the existence of an indemnitor might be arguably disclosable is if the individual defendant offers affirmative evidence that he cannot pay or should not have to pay a substantial amount of punitive damages. See for example, Zarcone vs. Perry, 572 F.2d 52, 56 (2d Cir. 1978). We do not even concede that alternative at this point in time because it is in any event not

necessary to address such an alternative, and there should be an appropriate record if the occasion arises. There has been no such claim or evidence in this case and we do not anticipate offering any. In fact, in the more than eleven years the undersigned has represented New Haven Police Officers we have never offered such evidence.

Respectfully submitted,

_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Pager: 1-860-590-4432
Fed. Bar No. ct 07596

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be HAND-DELIVERED to Attorney Diane Polan and Attorney David Garlinghouse, 129 Church Street, Suite 802, New Haven, CT 06510, this 16th day of April 2004.

_____
Martin S. Echter

-4-

#67

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TREMAYNE SWEAT            :

VS.                       :

WILLIAM WHITE, JR., ET AL. :    NO. 3:89cv295 (DJS)

                               JANUARY 30, 1995

### MOTION IN LIMINE REGARDING PUNITIVE DAMAGES

The plaintiff respectfully requests permission from this Court to rule on whether, and if so, with what limitations, the plaintiff may inquire as to the defendants' capacity to pay punitive damages. In particular, the plaintiff respectfully requests permission to ask whether the City of New Haven has agreed to indemnify the defendants. If so, under what terms has the City to such indemnification. In presenting evidence in this regard, the plaintiff also requests permission to examine Attorney Stephen Mednick, New Haven

---

*[Overlaid second document, partially visible:]*

bruary 21, 1995. Civil No. 3:89-295 (DJS) (filing 67).
aintiff seeks to present evidence to the jury that a punitive damages awar
ainst the defendants would be paid by the City of New Haven. The ability of a
tor to pay a punitive damages award is relevant to the setting of the amount o
e award. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981).
e city stands ready to step into the shoes of the defendants, therefore, i
ild seem proper to inform the jury of this fact. The Supreme Court, however
held that punitive damages cannot be recovered against a municipality. Id
271. In the event this information is disclosed to the jury, any ensuin
itive damages award assessed against the defendants would be of a typ
ressly forbidden by the Supreme Court. Thus, in the absence of the defendants
ffering of evidence regarding their ability to pay, the motion is DENIED.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

*[Handwritten margin note, vertical:]* November 7, 1995. Granted. Plaintiff will not offer evidence of possible indemnification, mention the possibility of indemnification in the presence of the jury. See Larez v. Holcomb, 16 F.3d 1513, 1520-21 (9th Cir. 1994). So ordered.

*/s/ Robert N. Chatigny, U.S.D.J.*

FILED
Oct 5   3 15 PM '95
CLERK
U.S. DISTRICT COURT
HARTFORD CONN
MARTHA GOULD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

: CIVIL NO. 3:92CV00499 (RNC

VS.                                  :

DIANE LANGSTON, ET AL.    :    OCTOBER 5, 1995

## DEFENDANTS' MOTION IN LIMINE CONCERNING EVIDENCE OF POSSI INDEMNIFICATION BY THE CITY OF NEW HAVEN

Based on prior experience in other cases tried against the law firm representing the plaintiff in the instant case, as well as discussions with opposing counsel, we believe that plaintiff seeks to introduce to the jury (by direct examination or cross-examination or in some other as yet unanticipated manner) evidence that the City of New Haven may eventually indemnify the defendants for damages.

We move in limine to bar such evidence or attempts to introduce, offer or alert the jury (by questions or otherwise) to the potential of such evidence.

Also based on our experience, we ask that plaintiff be required to first proffer at side-bar any desire to introduce or question about such matters if during the course of trial he wishes to do so.

This latter request is necessary because in other recent trials, although we moved in limine to bar certain prejudicial evidence and the Court indicated it would rule

ORAL ARGUMENT IS NOT REQUESTED
TESTIMONY IS NOT REQUIRED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Jan 24  1 23 PM '95

U.S.D.C.

------------------------------X
ROBERT K. WHELAN,                :
        Plaintiff,               :
                                 :   Civil Action No. 3:91-CV-480
v.                               :                    (AWT)
                                 :
RICHARD BLAKESLEE, ET AL.,       :
        Defendants.              :
                                 :
------------------------------X

### ENDORSEMENT ORDER

The plaintiff's Motion in Limine Regarding Punitive Damages [doc. #37] is hereby DENIED.

The plaintiff has requested permission to inquire as to the defendants' capacity to pay punitive damages. The court finds that such evidence is irrelevant to the plaintiff's case regarding punitive damages. Zarcone v. Perry, 572 F.2d 52, 56 (2d Cir. 1978).

In addition, the plaintiff has requested permission to present evidence regarding indemnification of the defendants by the City of New Haven. A punitive damages award should reflect the jury's determination of the level of damages that would deter an individual defendant, and others in his or her position, from committing future violations. See Restatement (Second) of Torts § 908(1) (1979). The fact that taxpayers have decided through their representatives that it is to their benefit as taxpayers to aid city officials in this regard is irrelevant to the determination of the amount of a suitable punitive damages award. See Larez v. Holcomb, 16 F.3d 1513, 1520 (9th Cir. 1993).

> When a city pays for punitive damages, of course, the deterrent effect of the sanction is diminished considerably, but, from the perspective of the wrongdoer, who pays nothing regardless of the size of the award, this reduction in 'sting' occurs no matter what amount the jury assesses. Informing the jury of indemnification thus would provide a windfall to [the] plaintiff[] at taxpayers' expense, with little appreciable increase in deterrence.

*Id.* Accordingly, evidence regarding indemnification of the defendants by the City of New Haven is irrelevant and, in fact, its admission would undermine the policy underlying punitive damages.

It is so ordered.

Dated at Hartford, Connecticut, this 24th day of January, 1996.

                                                                         /s/ Alvin W. Thompson
                                                                           Alvin W. Thompson
                                                                    United States District Judge