**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

*FILED*

BEVERLY CONYERS,              :    CIVIL ACTION NO.
     *Plaintiff,*              :    3:02CV263(PCD)
                      :
R.C. HASSETT, MICHAEL QUINN,   :
BRIAN MAURO, and the           :
CITY OF NEW HAVEN,             :
     *Defendants.*              :    APRIL 19, 2004

### AFFIDAVIT OF PAUL A. GARLINGHOUSE

STATE OF CONNECTICUT    )
                        )    ss: New Haven          April 19, 2004
COUNTY OF NEW HAVEN    )

     I, PAUL A. GARLINGHOUSE, having first been duly sworn, hereby depose and state:

1.     I am over the age of eighteen (18) and I understand the obligations of an oath.

2.     I am the attorney representing Beverly Conyers, the plaintiff in the above-entitled action.

3.     On September 8, 2003, I took the deposition of defendant MICHAEL QUINN .

4.     During that deposition defendant QUINN testified that Sergeant Canning would document the distribution of funds for the purpose of making a controlled purchase of drugs by marking it on an "index card".   Deposition of Michael Quinn p. 14.

1

5.    I requested that this card be provided to me, since it was clearly covered by my discovery requests.   Corporation Counsel Echter agreed to provide the card.

6.    During that same deposition, defendant Michael Quinn testified that he did not remember whether the informant who bought drugs from 86 Day Street was the same one who bought drugs at 68 Day Street, but that he could look at the unredacted versions of the documents and make that determination.  Corporation Counsel Martin Echter did not object to him doing so.  Deposition of Michael Quinn, p. 94.

7.    During that same deposition, defendant Michael Quinn also testified that the NEU(Narcotics Enforcement Unit) number 00-2225 listed on the Narcotics Log was a "typo".  Deposition of Michael Quinn, p. 82

8.    The undersigned counsel verbally requested the true NEU number and any documentation relating to it, but the same has not been provided

9.    During the deposition of Michael Quinn I requested from the opposing counsel that the Informant Payment Request and Case Preparation Expenditure forms be provided without the amounts of money and CI identification numbers redacted.

10.    Corporation Counsel Echter indicated that he would object to the Informant Payment Requests and Case Preparation Expenditures forms

2

being produced unredacted.

11.    Upon examining the documents provided and completing the
deposition of Michael Quinn, I decided that the identity of the
Confidential Informant, if any, would be necessary to a fair
adjudication of this case.

12.    I informed Counsel Echter of this and he indicated that I would have to
get a court order.

13.    Subsequent to the deposition, the card used by Sgt. Canning to
approve the disbursement of funds has not been produced.

14.    Repeated motions to compel have been necessary to dislodge
discovery documents from the defendants throughout this case.

PAUL A. GARLINGHOUSE

Subscribed and sworn to before me this 19th day of April, 2004.

NOTARY PUBLIC

DEBORAH S. VINCENT
*NOTARY PUBLIC*
MY COMMISSION EXPIRES OCT. 31, 2007

3

## CERTIFICATION

This is to certify that a copy of the foregoing was sent on April 19, 2004 to the

following counsel of record:

Martin Echter, Esquire
Office of the Corporation Counsel
165 Church Street
New Haven, CT 06510

_____
PAUL A. GARLINGHOUSE