**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **BEVERLY CONYERS,**   Plaintiff | : NO. 3:02CV 263 (PCD) |
| **VS.** | : |
| **R. C. HASSETT, ET AL.**   Defendants | : APRIL 30, 2004 |

**PREFERRED**
**DEFENDANTS' PROPOSED JURY INTERROGATORIES**

NOTE: The defendants, by counsel, propose that the following Interrogatories be submitted to the jury. For the reasons indicated, we believe only one interrogatory for the constitutional claim should be submitted.

The defense believes that (A) the only constitutional due process to which the plaintiff is entitled in the circumstances of this case is the right to be free from unreasonable searches and seizures (<u>i.e.</u>, the issuance of a search warrant without probable cause), (B) the rights and remedies afforded under the federal and the State constitution are identical on the allegations and facts of this case, and (C) there are no allegations that would support the claim of denial of equal protection.

The defense also believes that the issue of qualified immunity, with respect to both federal and State claims, is one for the Court, not the jury, except to the extent that special factual interrogatories are useful for the assistance of the Court.

On motion for judgment on the law we will also argue that negligence cannot support a claim of an inadequate search warrant application.

**I.  Alleged constitutional violations.**

1. Has the plaintiff proven by a preponderance of the evidence that the application for the search warrant for her apartment at 68 Day Street, after "correction" by omitting material false statements and adding material omissions, lacked "probable cause"?

YES ____   NO ____

2. If you answered "NO" to Interrogatory I.1, STOP.   You have completed Section I.   [Proceed to Section II.]

3. If you answered "YES" to Interrogatory I.1, has the plaintiff proven by a preponderance of the evidence that any of the following defendants <u>included a false material statement</u> in the warrant application and <u>did so with knowledge that the statement was false or with reckless disregard for whether or not it was false</u>?

| | | |
|---|---|---|
| R. W. HASSETT | YES ____ | NO ____ |
| MICHAEL QUINN | YES ____ | NO ____ |
| BRIAN MAURO | YES ____ | NO ____ |

4. If you answered "YES" to Interrogatory I.1, has the plaintiff proven by a preponderance of the evidence that any of the following defendants <u>omitted a material statement from the warrant application</u> and <u>did so deliberately or with reckless disregard</u>?

| | | |
|---|---|---|
| R. W. HASSETT | YES ____ | NO ____ |
| MICHAEL QUINN | YES ____ | NO ____ |
| BRIAN MAURO | YES ____ | NO ____ |

5. If you answered "YES" to any part of Interrogatories I.3 or I.4, has the plaintiff suffered "proximate injury," as the Court has defined that term for you, as a result?

YES ___   NO ___

THE FOLLOWING INTERROGATORY IS TO BE INCLUDED ONLY IF THE COURT ALLOWS THE CLAIM OF NEGLIGENCE TO GO TO THE JURY.

**II. Alleged negligence.**

1. Has the plaintiff proven by a preponderance of the evidence that the application for the search warrant for her apartment at 68 Day Street, after "correction" by omitting material false statements and adding material omissions, lacked "probable cause"?

          YES ___  NO ___

2. If you answered "NO" to Interrogatory II.1, STOP.  You have completed Section II.  [Proceed to Section III.]

3. If you answered "YES" to Interrogatory II.1, has the plaintiff proven by a preponderance of the evidence that any of the following defendants <u>included a false material statement</u> in the warrant application and <u>did so negligently</u>?

  R. W. HASSETT    YES ___  NO ___

  MICHAEL QUINN    YES ___  NO ___

  BRIAN MAURO    YES ___  NO ___

4. If you answered "YES" to Interrogatory II.1, has the plaintiff proven by a preponderance of the evidence that any of the following defendants <u>omitted a material statement from the warrant application</u> and <u>did so negligently</u>?

  R. W. HASSETT    YES ___  NO ___

  MICHAEL QUINN    YES ___  NO ___

  BRIAN MAURO    YES ___  NO ___

5.  If you answered "YES" to any part of Interrogatories II.3 or II.4, has the plaintiff suffered "proximate injury" as the Court has defined that term for you?

YES ___ NO ___

**III.  Compensatory damages.**

If you answered "YES" to any part of Interrogatories I.5 or II.5, to what compensatory or nominal damages, if any, is the plaintiff entitled?

$_____

THE FOLLOWING INTERROGATORY IS TO BE INCLUDED ONLY IF THE COURT ALLOWS THE PLAINTIFF TO SEEK PUNITIVE DAMAGES, EVEN THOUGH NOT CLAIMED IN THE COMPLAINT.

**IV.  Punitive damages (only if constitutional violation).**

1.  If you answered "YES" to any part of Interrogatories I.3 or I.4 and you also answer "YES" to Interrogatory I.5, did the defendant for whom you answered "YES" in Interrogatory I.3 or I.4 act with such a state of mind that he should be assessed punitive damages?

| | | |
|---|---|---|
| R. W. HASSETT | YES \_\_\_ | NO \_\_\_ |
| MICHAEL QUINN | YES \_\_\_ | NO \_\_\_ |
| BRIAN MAURO | YES \_\_\_ | NO \_\_\_ |

2.  If you answered "YES" to any part of Interrogatory III.1, what punitive damages, if any, do you assess against the individual for whom you answered "YES"?

| | |
|---|---|
| R. W. HASSETT | $ _____ |
| MICHAEL QUINN | $ _____ |
| BRIAN MAURO | $ _____ |

Respectfully submitted,

/s/ _____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Pager: 1-860-590-4432
**Fed. Bar No. ct 07596**

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Diane Polan and Attorney David Garlinghouse, 129 Church Street, Suite 802, New Haven, CT 06510, this day of April 2004.

/s/_____
Martin S. Echter