UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Beverly CONYERS, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:02cv263 (PCD) |
| : | |
| R.C. HASSETT, Michael QUINN, Brian : | |
| MAURO, and CITY OF NEW HAVEN : | |
|     Defendants. : | |

## RULING ON MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37, Plaintiff moves to compel disclosure of: 1) Any documents showing the amount of money disbursed for the purpose of making a controlled narcotics purchase from Plaintiff's apartment; 2) The monetary from the case preparation expenditures form and informant payment request form; 3) The confidential informant identifying number from those forms; 4) Whether the confidential informant referred to in the search warrant for Plaintiff's apartment is the same as the confidential informant referred to in the warrants for 86 and 84 Day Street; and 5) The name of the confidential informant who participated in an alleged controlled marijuana purchase from Plaintiff's apartment. Plaintiff also requests sanctions.

Generally, "the scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992), quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .

1

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Plaintiff seeks information pertaining to the identity of a confidential informant. While this information is likely relevant, it raises the confidential informant privilege. That privilege allows the government to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." Id. The privilege recognizes that "to insure cooperation, the fear of reprisal must be removed and that the most effective protection from retaliation is the anonymity of the informer." In re United States, 565 F.2d 19, 22 (2d Cir. 1977) (citation omitted). The privilege applies in civil as well as criminal cases. Id. The privilege is not, however, absolute and when disclosure is "essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 61. The burden of establishing that information sought is relevant and essential is on the party seeking disclosure. In re United States, 565 F.2d at 23. This burden is not satisfied by mere speculation, to satisfy curiosity, or to give effect a fishing expedition. Id. (citations omitted).

Plaintiff here argues on the eve of jury selection and trial that the information sought pertaining to the confidential informant is necessary in order to prove her case. She argues that Defendants meant to search 86 Day Street, not 68 Day Street where she resides, and that the ability to question to confidential informant is essential to substantiating these allegations. As evidence of a mistake between the addresses, she points only to the similarity of the two and a warrant later issued for 86 Day Street, that she argues is strikingly similar to the one issued as to

2

her residence. Pl. Mem. Supp. Mot. to Compel at 11-12. She argues that this coupled with Defendants' near exclusive reliance on the purported statements of the confidential informant, with no other documentation, and the fact that almost nothing pertaining to narcotics were found at her residence casts substantial doubt on the correctness of the warrant for her residence. Id. This argument does not account for other information in the in camera submission which focuses on 68 Day Street.

     Plaintiff's arguments do not outweigh the government's interest in maintaining the anonymity of the informant. Accordingly, the identification of the confidential informant need not be disclosed as to do so would risk injury to him/her and/or compromise his/her ability to further function as such and because his/her identity lacks significant probative value to Plaintiff's claim. Neither need the confidential informant's identifying number be disclosed. Plaintiff may adequately seek to impeach Defendants by pointing to the lack of narcotics found and similarity of the addresses. Furthermore, whether the confidential informant was the same for any other case/investigation need not be disclosed as it has no bearing on probable cause at Plaintiff's address. Defendants shall, however, produce the case preparation and payment request forms showing the amount expended for the purchase of marijuana at 68 Day Street, but deleting the code number.

     With respect to the information and/or material related to any search at 84 or 86 Day Street, it need not be produced. Such information has no bearing on whether Defendants had probable cause to search Plaintiff's apartment. No confusion or interconnectedness of the two addresses is reflected in the material reviewed in camera.

     For the reasons stated herein, Plaintiff's motion to compel [Doc. No. 42] is **granted** in

part, **denied** in part. No sanctions are ordered as Defendants' opposition to the requested production is not without colorable justification.

SO ORDERED.

Dated at New Haven, Connecticut, May  3 , 2004.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court