UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**BEVERLY CONYERS,** : NO. 3:02CV 263 (PCD)
    **Plaintiff**

**VS.** :

**R. C. HASSETT, ET AL.** : MAY 6, 2004
    **Defendants**

## REVISED
## DEFENDANTS' PROPOSED JURY CHARGES
## WITH ADDITION RE SO-CALLED "CORRECTED" OF AN ALLEGED DEFECTIVE WARRANT APPLICATION

The defendants, by counsel, propose that the following instruction be submitted to the jury <u>in addition to</u> those already proposed by the defense.

The following (1) adds the particularized law concerning the so-called "correction" of an alleged defective warrant application, and (2) incorporates the instruction on "probable cause" submitted with the initial Defendants' Proposed Jury Charges.

Again, as indicated in our initial Proposed Jury Charges, the defense believes the issue of qualified immunity is one for the Court, not the jury, except to the extent that special factual interrogatories are useful for the assistance of the Court.

**Claim of a constitutionally defective search warrant application**

The claim in this lawsuit is that the application submitted to a Judge in order to obtain the search warrant for the plaintiff's home was constitutionally defective.

The law provides a specific multi-step procedure by which the jury must evaluate that claim.

Smith v. Edwards, 175 F.3d 99, 105 (2d Cir. 1999); Brown v. D'Amico, 35 F.3d 97, 99 (2d Cir. 1994); Cartier v. Lussier, 955 F.2d 841, 845 (2d Cir. 1992).

First, (1) the jury must "correct" the warrant application by eliminating any false "material" information that you have found was included in the application, and then by adding "material" information which you have found was omitted from the application.

Second, the jury must determine whether or not so-called "probable cause" to obtain the search remains after the application is "corrected."

Third, if "probable cause" no longer exists after the warrant application is "corrected" you must then determine whether the particular defendant's action in omitting material information or including false material information was done deliberately or with reckless disregard for the truth.

Negligence, oversight or inadvertent mistaken conduct is not sufficient to find liability for a constitutional violation.

Probable Cause.  Under the federal Connecticut "probable cause" means a reasonable belief that a person has committed or is committing an offense in violation of law, based on all the circumstances known to the police officer personally or via third parties, as they would be viewed by a prudent police officer.

United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); Sheuer v. Rhodes, 416 U.S. 232, 247-48 (1974); Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); United States v. Fisher, 702 F.2d 372, 375 (2d Cir. 1983); United States v. Webb, 623 F.2d 758, 761 (2d Cir. 1980); State v. Gasparro, 194 Conn. 96, 102-107, 480 A.2d 509 (1984).

The evaluation is one of objective reasonableness.  The subjective feelings or even improper motives of an officer are not relevant to a determination whether or not probable cause to arrest exists.

Whren, et al. v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Singer v. Fulton County Sheriff, et al., 63 F.3d 110, 118-119 (2d Cir. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996); United States v. Scopo, 19 F.3d 777, 782-85 (2d Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 207, 130 L.Ed.2d 136 (1994).

"Materiality."  When "correcting" the warrant application whether "material" false information was included in the warrant application or "material" information was omitted from the application, it is important to understand that not all information potentially "favorable to an accused" is "material" in the constitutional sense.

Evidence "favorable to an accused" includes both "exculpatory" evidence and "impeachment" evidence.

State v. Pollitt, 205 Conn. 132, 142, 149, 531 A.2d 125 (1987), quoting United States v. Bagley, 473 U.S. 667, 683 (1985).

The first type of evidence "favorable to an accused," i.e., "exculpatory" evidence, is "substantial evidence that would negate the accused's guilt, that is evidence which 'might reasonably be expected to lead to . . . "' a decision not to issue the warrant application.

State v. Coutoure, 194 Conn. 530, 557, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S.Ct. 967, 83 L.Ed.2d 971 (1985) (emphasis added).

Only that type of evidence is "material" to the existence of "probable cause."

The relevant question is whether the officer seeking the warrant withheld information "necessary to the finding of probable cause," that is, whether or not the accused officer "had disclosed to the [Judge] issuing . . . [the search warrant] information within the officer's knowledge that negated probable cause." Stated another way, . . . [did the officer withhold from the Judge] information "critical" to the evaluation of probable cause."

Smith v. Edwards, 175 F.3d 99, 105 (2d Cir. 1999), quoting from Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993Smith v. Edwards, 175 F.3d 99, 105 (2d Cir. 1999), quoting from Brown v. D'Amico, supra, 35 F.3d at 99 (2d Cir. 1994) (quotation marks omitted).

-4-

The "mere <u>possibility</u> that an item of undisclosed evidence <u>might</u> have . .. . affected the outcome [of the decision whether or not to issue the warrant] . . . does not establish "materiality in the constitutional sense."

<u>United States</u> v. <u>Bagley</u>, 473 U.S. 667, 683 (1985); <u>State</u> v. <u>Pollitt</u>, 205 Conn. 132, 142, 149, 531 A.2d 125 (1987).

The second type of evidence "favorable to an accused," is called "impeachment" evidence, is <u>not</u> "material." "Impeachment" evidence is evidence that might be useful to the defense attorney in cross-examining witnesses or in otherwise presenting his or her case. That "impeachment" evidence must be disclosed by the prosecutor and only in time for use at an adversarial proceeding where the defendant's attorney participates, such as at trial.

Again, that type of information is <u>not</u> "material" and does not have to be disclosed in a search warrant application.

<u>United States</u> v. <u>Bagley</u>, 473 U.S. 667 (1985); <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963);<u>United States</u> v. <u>Chambrone</u>, 601 F.2d 616 (2d Cir. 1979); State v. Pollitt, 205 Conn. 132, 142, 149, 531 A.2d 125 (1987); State v. Mitchell, 200 Conn. 323, 332, ___ A.2d ___ (1986); <u>State</u> v. <u>Coutoure</u>, 194 Conn. 532, 557, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S.Ct. 967, 83 L.Ed.2d 971 (1985); also, <u>United States</u> v. <u>John H. Williams, Jr.</u>, 504 U.S. 36, 69-70, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (Opinion of Justice Stevens, dissenting in the case but nevertheless agreeing with the principal enunciated above).

Again, only the first type of evidence "favorable to an accused," i.e., "exculpatory" information or "substantial evidence that would <u>negate</u> the accused's guilt" is "material" in the constitutional sense and to the determination of the existence of probable cause and must be disclosed in the warrant application, a nonadversarial proceeding similar to a grand jury.

Respectfully submitted,

/s/_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Pager: 1-860-590-4432
**Fed. Bar No. ct 07596**

<u>Certificate of Service</u>

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Diane Polan and Attorney David Garlinghouse, 129 Church Street, Suite 802, New Haven, CT 06510, this day of May 2004.

_____
Martin S. Echter

Case 3:02-cv-00263-PCD    Document 64    Filed 05/06/2004    Page 7 of 7