## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**BEVERLY CONYERS,**     :   **NO. 3:02CV 263 (PCD)**
     **Plaintiff**

**VS.**                       **:**

**R. C. HASSETT, ET AL.**     :   **MAY 6, 2004**
     **Defendants**

### <u>DEFENDANTS' MEMORANDUM CONCERNING<br>(FEDERAL AND STATE) QUALIFIED IMMUNITY</u>

The defense respectfully submits this memorandum of law in order to assist the Court in addressing the issue of qualified immunity, under both federal and State law, at the time of a Motion for Judgment as a Matter of Law and/or a final charge conference.

### <u>Federal Qualified Immunity</u>

**<u>The essence of "qualified immunity;" "qualified immunity" is not merely a defense to liability; "qualified immunity" is available in defense of claims of claims of, inter alia, false arrest, malicious prosecution and excessive force.</u>**

Qualified immunity excuses a defendant from suit and from having to stand trial, and potentially from even having to submit to discovery.  <u>Hunter</u> v. <u>Bryant</u>, 502 U.S. 224, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595 (1991).

Qualified immunity shields government officials who reasonably but mistakenly conclude that their conduct is lawful, <u>either</u>,

(1) because the law was not clear at the time the official acted, or

(2) unless it can be said that no reasonable police officer in the

defendant's position would have done what the officer did.

Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595

(1991); Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97

L.Ed.2d 523 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73

L.Ed.2d 396, 410 (1982); Malley v. Briggs, 475 U.S. 335, 340-41, 106 S.Ct. 1092,

1095-96, 89 L.Ed.2d 271 (1986); Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir.

1995); Robison v. VIA, 821 F.2d 913, 921 (2d Cir. 1987).

". . . [I]n qualified immunity cases, we are not concerned with the
correctness of the defendants' conduct, but rather the 'objective reasonableness'
of their chosen course of action. . . ."  Lennon v. Miller, supra, 66 F.3d at 421.

Thus, qualified immunity excuses an officer from liability even if one

assumes that the officer engaged in misconduct, provided the officer's mistake

was objectively reasonable given the state of the law or the facts known to the

officer.

> The qualified immunity standard "gives ample room for
> mistaken judgments," by protecting "all but the plainly incompetent
> or those who knowingly violate the law." . . . This accommodation
> for reasonable error exists because "officials should not err
> always on the side of caution" because they fear being sued.

Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595 (1991)

(citations omitted).

The defense of "qualified immunity" is available to claims of excessive

force, as well as false arrest and malicious prosecution and other types of

alleged wrongdoing. Saucier v. Katz, 69 U.S.L.W. 4481 (June 18, 2001); Lennon

v. Miller, 66 F.3d 416, 423, 424, 425 (2d Cir. 1995).

In fact, a pretrial denial of qualified immunity on the ground that the law was unclear is immediately appealable.  Behrens v. Pelletier, 516 U.S. 299, 305-308, 116 S.Ct. 834, 133 L.Ed.2d 773, 783-84 (1996); Johnson v. Jones, 515 U.S. 304, 317, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); Genas v. State of New York Department of Correctional Services, et al., 75 F.2d 825, 830 (2d Cir. 1996);  Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995).

**Qualified immunity is an issue to be determined by the Court, on pretrial motion or after receipt of the evidence.  When there are disputed issues of fact which may affect the Court's determination, special factual interrogatories should be submitted to the jury to assist the Court in ruling on the defense of qualified immunity.**

"Immunity ordinarily should be decided by the court. . . ." Hunter v. Bryant, 502 U.S. 224, 228, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595, 596  (1991).  Only if there are disputed issues of fact which might affect the Court's determination of a claim of qualified immunity are special factual interrogatories to be submitted to the jury, with the Court rendering its decision after and in light of the answers to the special interrogatories. Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595 (1991); Lennon v. Miller, 66 F.3d 416, 420-421 (2d Cir. 1995); Finnegan v. Fountain, 915 F.2d 817, 821 (2d Cir. 1990); Warren v. Dwyer, 906 F.2d 70, 76, 77 (2d Cir. 1990); Krause v.

-3-

Bennett, 887 F.2d 362, 368, as amended (2d Cir. 1989).

> . . . [P]articularly in cases where the factual record is not
> in dispute, it may be difficult to separate the immunity issue from
> merits. . . .   As a result, instructing the jury on both issues [probable
> cause to arrest and qualified immunity] may seem redundant.  The
> better rule, we believe, is for the court to decide the issue of
> qualified immunity as a matter of law, preferably on a pretrial motion
> for summary judgment or on a motion for directed verdict.  If there
> are unresolved factual issues which prevent an early disposition of
> the defense, the jury should decide these issues on special
> interrogatories.  The ultimate legal determination whether, on the
> facts found, a reasonable police officer should have known he
> acted unlawfully is a question of law better left for the court to
> decide.

Warren v. Dwyer, 906 F.2d 70, 76 (2d Cir. 1990) (Circuit Judge Kaufman, writing

for the majority).

Interestingly, while dissenting on the particular facts of the case, even

Circuit Judge Winter agreed with the general principles of the majority.

> . . . In the second category [of qualified immunity], the right is
> established – here the right to be free of arrest absent probable
> cause – but is so highly generalized that its application in
> particular factual situations is subject to doubt. . . .   As I perceive
> it, the qualified immunity issue in the present case is whether,
> given the elasticity of the concept of probable cause and the area
> of discretion left to the jury in applying that concept, a competent
> police officer would have known that Dwyer's conduct on the night
> of the arrest was illegal.
>
> This issue seems preeminently a matter for the court rather
> than for the jury.   It is in essence a legal decision whether, on the
> basis of the law as it existed at the time of the particular incident,
> the lawfulness of the officer's conduct was reasonably clear or was
> a matter of doubt.  Juries are hardly suited to make decisions that
> require an analysis of legal concepts and an understanding of the
> inevitable variability in the application of highly generalized legal
> principles.   Moreover, such an analysis would seem to invite
> each jury to speculate on the predictability of its own verdict.

A major difficulty, of course, is that the court ruling on the qualified immunity issue must know what the facts were that the officer faced or perceived, and the finding of those facts appears to be a matter for the jury.   This is the factual overlap referred to above [by the majority, quoted above], presumably to be handled by the framing of special interrogatories.

Warren v. Dwyer, supra, 906 F.2d at 77 (Circuit Judge Winter, dissenting)

(bracketed portion added).

We believe the most helpful analysis of the issue to date is presented in

Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cr. 1995).

Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits. . .   Government actors performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." . . .   Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was "objectively reasonable" for him to believe that his actions were lawful at the time of the challenged act. . . .   The objective reasonableness test is met—and the defendant is entitled to immunity—if "officers of reasonable competence could disagree" on the legality of the defendant's actions.   *Malley* [*v. Briggs*], 475 U.S. at 341, 106 S.Ct. at 1096; *accord Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991), *cert. denied*, ___ U.S. ____, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992).

Although this inquiry requires a focus on the particular facts of the case in *Robison* [*v. VIA*], 821 F.2d 913, 921 (2d Cir. 1987), we held that a defendant is entitled to summary judgment on qualified immunity grounds when

"no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiffs, could conclude that it was objectively unreasonable for the defendant[]" to believe

that he was acting in a fashion that did not clearly violate
an established federally protected right.

821 F.2d at 921 (quoting *Halperin v. Kissinger*, 807 F.2d 180, 189 (D.C.
Cir. 1986); *see also Wachtler v. County of Herkimer*, 35 F.3d 77, 80 (2d
Cir. 1994) (same). In other words, if any reasonable trier of fact could find
that the defendants' actions were objectively unreasonable, then the
defendants are not entitled to summary judgment.  An officer's actions are
objectively unreasonable when no officer of reasonable competence could

have made the same choice in similar circumstances.  *See Malley*,
475 U.S. at 341, 106 S.Ct. at 1096.  Thus, if the court determines that
the only conclusion a rational jury could reach is that reasonable officers
would disagree about the legality of the defendants' conduct under the
circumstances, summary judgment for the officers is appropriate.

We recognize the apparent anomaly of holding that
summary judgment is appropriate when a trier of fact would find
that reasonable officers could disagree.  After all, Rule 54(c) of
the Federal Rules of Civil Procedure provides that summary
judgment shall be entered only when a review of the entire
record demonstrates that there is no genuine issue as to any
material fact.  Disputes over reasonableness are usually fact
questions for juries.  However, in qualified immunity cases, we
are not concerned with the correctness of the defendants'
conduct, but rather the "objective reasonableness" of their chosen
course of action given the circumstances confronting them at the
scene.  With this concern in mind, we have held that when

the factual record is not in serious dispute . . .
[t]he ultimate legal determination whether . . .
a reasonable police officer should have known
he acted unlawfully is a question of law better
left for the court to decide.

*Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir.), *cert. denied*, 498 U.S.
967, 111 S.Ct. 431, 112 L.Ed.2d 414 (1990); *see also Oliveira v.
Mayer*, 23 F.3d 642, 649 (2d Cir. 1994), *cert. denied*, ___ U.S.
___, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995))" ("[I]mmunity
ordinarily should be decided by the court . . . in those cases where
the facts concerning the availability of the defense are undisputed.")
(citations and internal quotation marks omitted); *Finnegan v.
Fountain*, 915 F.2d 817, 821 (2d Cir. 1990) ("Once disputed factual
issues are resolved, the application of qualified immunity is .. .
ultimately a question of law for the court to decide." Emphasis added.)

-6-

> The rule requiring the judge to resolve questions of
> reasonableness on summary judgment in qualified immunity cases
> where the material facts are not in dispute is consistent with the
> doctrine's purpose of providing immunity from suit, as well as a
> defense to liability.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27,
> 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985).  The Supreme Court
> has held that the objective reasonableness standard was specifically
> designed to "permit the resolution of many insubstantial claims on
> summary judgment."  *Harlow* [*v. Fitzgerald*], 457 U.S. at 818, 102
> S.Ct. at 2738, *see also Warren*, 906 F.2d at 74.  If there is no
> dispute about the material facts, the district court should assess the
> reasonableness of the defendants' conduct under the circumstances
> presented in order to determine on summary judgment whether the
> defendants are entitled to qualified immunity.

Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995) (emphasis in text added;

brackets added; italicized citations in original).

The foregoing are classic statements of the law governing both the grant of

a motion for summary judgment or the grant of a motion for directed verdict or for

judgment on the law in federal court, and how issues of law are ultimately

resolved by a Court based on facts found by a jury pursuant to special

interrogatories where needed by the Judge to inform his or her decision with

respect to the issue of reasonableness and qualified immunity.

Conclusion.  We believe that the principle of qualified immunity is correctly

explained as a determination that even as to issues of reasonableness in the

conduct of a government official there is a threshold level of evidence to support

a claim of unreasonable conduct that a plaintiff must demonstrate before there is

an issue for the jury, and if the plaintiff fails to meet that threshold a judgment of

verdict on the law in federal court (formerly a directed verdict) for the defendant is

-7-

appropriate (or summary judgment if the issue is raised pretrial).

This was best articulated in <u>Lennon</u> v. <u>Miller</u>, <u>supra</u>, quoted in substantial part above.

It is also consistent with the legal principle that a law enforcement officer (like other public officials) has a substantial degree of discretion in traversing "the sometimes 'hazy border'" between acceptable and unacceptable conduct, <u>Saucier</u> v. <u>Katz</u>, <u>supra</u>, 69 U.S.L.W. at page 4484, in the manner in which he or she conducts an investigation and effectuates a search, an arrest or a capture. Given the variable circumstances a law enforcement officer may encounter, such discretion is necessary to carrying out his or her duties.

## State Law Qualified Immunity

**Alternatively, all the defendants are entitled to common law qualified immunity with respect to the state law claim.**

Under the law of the State of Connecticut,

. . .[g]enerally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . .  "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." . . .  In contrast, "[m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of  judgment or discretion."  **1**

---

**1**    <u>Mulligan</u> v. <u>Rioux, et al.</u>, 229 Conn. 716, 727, 643 A.2d 1226 (1994) (internal citations and some internal quotation marks omitted); <u>Gordon</u> v. <u>Bridgeport Housing Authority</u>, 208 Conn. 161, 167, 544 A.2d 1185 (1988).

-8-

"Whether or not governmental immunity exists for the conduct of a municipal official or employee is a question of law . . . ." **2**

Law enforcement officers' execution of a search and seizure warrant necessarily requires the exercise of discretion and judgment. **3**

"In Connecticut, common law qualified immunity will be lost in only three situations. . . ." **4**

None of those exceptions applies here. **5** Note, <u>inter alia</u>, the only State law claim is "negligence.

---

**2**     <u>Gordon</u> v. <u>Bridgeport Housing Authority</u>, <u>supra</u>, 208 Conn. at 170.

**3**     <u>Dalia</u> v. <u>United States</u>, 441 U.S. 238, 256-58, 99 S.Ct. 1682, 1693-94, 60 L.Ed.2d 177 (1979); <u>State</u> v. <u>Graham</u>, 186 Conn. 437, 444, 441 A.2d 857 (1982). Also, <u>Evon</u> v. <u>Andrews</u>, 211 Conn. 501, 505-506, 559 A.2d 1131 (1989) ("While an inspection by definition involves 'a checking or testing of an individual against established standards,'" [and legal codes], <u>Id.</u>, at 506-507 (citation and references to codes omitted), "what constitutes a reasonable, proper or adequate inspection involves the exercise of judgment" by municipal housing inspectors and "required in <u>some measure</u> the exercise of judgment," <u>Id.</u>, at 507 (underlining added)).

**4**     <u>Mulligan</u> v. <u>Rioux, et al.</u>, 229 Conn. 716, 728, 643 A.2d 1226 (1994): "'[F]irst, where the circumstances make it apparent to the public officer that his or her <u>failure to act</u> would be likely to subject an identifiable person to imminent harm . . .   second, where a statute specifically provides for a cause of action against a municipality or municipal official for <u>failure to enforce</u> certain laws  . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.'" <u>Id.</u>, 229 Conn. at 728 (internal citations omitted) (underlining added).

**5**     There was no "failure to act."  There is no statute which specifically provides for a cause of action for "failure to enforce" any law relevant to this case, and there was no "failure to enforce" any law. Most importantly, there was

no evidence the alleged acts involved "malice, wantonness or intent to injure, rather than negligence."   Here, the only State law claim is "negligence."

-9-

Respectfully submitted,

_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Pager: 1-860-590-4432
**Fed. Bar No. ct 07596**

**Certificate of Service**

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Diane Polan and Attorney David Garlinghouse, 129 Church Street, Suite 802, New Haven, CT 06510, this day of May 2004.

_____
Martin S. Echter

-10-

Nor was there evidence to support an award of punitive damages.   See, McCardle v. Haddad, 131 F.3d 43, 52-53 (2d Cir. 1997).